NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELSON PINTO, | Hon. Dennis M. Cavanaugh |
| Petitioner, | **OPINION** |
| v. | Civil Action No. 08-CV-067 (DMC) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Petitioner Nelson Pinto ("Petitioner") to vacate, set-aside or correct his sentence under 28 U.S.C. § 2255 based on alleged ineffective assistance of counsel. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioner's motion to vacate, set-aside or correct the sentence is **denied**.

I. BACKGROUND

On September 21, 2006, Petitioner entered a guilty plea to a one-count Information, charging him with conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(a) and 21 U.S.C. § 846.

Petitioner was sentenced by this Court on January 31, 2007. Petitioner received a seventy month prison term and three years of supervised release. Petitioner thereafter filed the current

petition on or about December 30, 2007.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 2255, prisoners within federal custody may seek remedy by attacking the constitutionality of their sentence:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255.

## III.  DISCUSSION

Petitioner claims that defense counsel was ineffective for (1) failing to argue for a downward departure based on the alleged untenable prison conditions at the Passaic County Jail (the "Jail"); and (2) for failing to file a direct appeal on Petitioner's behalf and, assuming an appeal had been filed, counsel was ineffective for failing to demand a downward departure under the "aberrant behavior" purview of U.S.S.G. § 5K2.20.

2

A.      Downward Departure Based on the Alleged Jail Conditions

Petitioner claims that his attorney failed to request a downward departure based on the alleged conditions at the Jail, but this allegation is unsupported by the record. Therefore, no analysis of this claim is necessary given the absolute and demonstrable falsity of Petitioner's contentions. Defense counsel submitted a sentencing memorandum ("Memo") to this Court dated January 5, 2007, which argued for a downward departure based on the alleged conditions at the Jail and, in support thereof, Petitioner's Certification set-forth the details of Petitioner's purportedly deplorable confinement conditions. In response, Respondent submitted a sentencing letter, dated January 18, 2007. This Court carefully considered the arguments of counsel for both parties at sentencing and, ultimately, declined to grant Petitioner's downward departure motion. Therefore, because, *inter alia*, defense counsel argued for a downward departure based on the alleged Jail conditions, Petitioner's ineffective assistance of counsel claim is denied.

B.      Defense Counsel's Alleged Failure to File a Direct Appeal

Petitioner claims that defense counsel failed to file a direct appeal on his behalf, despite his request. Moreover, Petitioner claims that, had such an appeal been filed, defense counsel was deficient for his failure to argue for a downward departure based on "aberrant behavior." Likewise, these arguments are unsupported by fact or law and, therefore, must be denied.

Strickland v. Washington is the seminal opinion from the Supreme Court of the United States regarding ineffective assistance of counsel. See 466 U.S. 668, 687 (1984). In Strickland, the Court set forth a two-part test to establish ineffective assistance of counsel: first, under the "deficiency prong," the defendant must demonstrate that counsel's performance was deficient, which requires a showing that counsel made errors so serious that he or she was not functioning as

the "counsel" guaranteed by the Sixth Amendment to the Constitution of the United States; and second, under the prejudice prong, the defendant must show that the deficient performance prejudiced the defense, specifically that counsel's errors were so serious as to deprive the defendant of a fair trial. See id. at 687; Reese v. Fulcomer, 946 F.2d 247, 256-57 (3d Cir. 1991). A defendant seeking to vacate a sentence must satisfy both prongs of the Strickland test. See Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999); United States v. Baynes, 622 F.2d 66, 69 (3d Cir. 1980).

In the current case, Petitioner bears a heavy burden to establish that his attorney's performance was deficient. Under the deficiency prong, Petitioner must point to specific errors made by defense counsel, which were unreasonable under prevailing professional norms. See United States v. Cronic, 466 U.S. 648, 666 (1984). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Accordingly, in assessing whether the assistance of counsel was reasonable, courts must be "highly deferential" and not "second-guess counsel's assistance after conviction." Strickland, 466 U.S. at 689; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). "Every effort [should] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Strickland, 466 U.S. at 689.

The prejudice prong requires a showing of *specific* prejudice. See id. at 687. Assuming that counsel's performance was deficient, the test for prejudice is "whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." Id. at 694-95; Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). A "reasonable probability" is more than a theoretical possibility. See Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. See Strickland, 466 U.S. at 694. Because of Strickland's high standards, it is only the "rare claim of ineffective assistance that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kaufman, 109 F.3d 186, 190 (3d Cir. 1997). Moreover, a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of [any] alleged deficiencies." Strickland, 466 U.S. at 697. Therefore, if it is easier for a court to dispose of an ineffectiveness claim on the grounds of lack of sufficient prejudice, the reviewing court should do so. See id.

In the current case, Petitioner has failed to supply any information or evidence to suggest that his counsel failed to file a direct appeal, despite having been instructed to do so. As the United States Court of Appeals for the Third Circuit has explained, when a motion is made under 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the movant's factual allegations, unless they are clearly frivolous on the basis of the existing record. See Forte, 865 F.2d at 62 (emphasis added). Here, Petitioner simply claims, without supporting documentation, that he directed his attorney to file an appeal and that his request was subsequently refused. Petitioner's claim is unsupported by the record or by any of the exhibits attached to his motion. Nevertheless, even assuming that Petitioner was granted a hearing and could establish that

his attorney improperly failed to file a direct appeal, Petitioner cannot show that the alleged failure resulted in prejudice sufficient to warrant the relief requested. An appeal premised on the "aberrant behavior" prong of U.S.S.G. § 5K2.20 would have had no chance of success and, as such, Petitioner cannot satisfy the prejudice prong under Strickland. U.S.S.G. § 5K2.20(b) provides, in pertinent part, that:

> The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law abiding life.

Furthermore, U.S.S.G. § 5K2.20(c) provides, in pertinent part, that:

> The court may not depart downward pursuant to this policy statement if any of the following circumstances is present . . . (3) The instant offense of conviction is a serious drug trafficking offense.

Therefore, even assuming that Petitioner could demonstrate each of the elements of U.S.S.G. § 5K2.20(b), Petitioner would still not be entitled to the relief sought under this provision because Petitioner was convicted of a serious drug trafficking offense under 21 U.S.C. § 846. Therefore, because Petitioner cannot establish that he was prejudiced due to his attorney's alleged failure to file a direct appeal based on "aberrant behavior," his claim of ineffective assistance of counsel on that premise must also be denied.

IV.     CONCLUSION

For the reasons stated, Petitioner's motion to vacate, set-aside or correct the sentence is **denied**.

An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       July 10, 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

7